IN UNITED STATES DISTRICT COURT
FOR NORTHERN  DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIESHA GRIFFIN and JOHN KELSEY, <br><br> Plaintiff, <br><br> v. <br><br> BROWN SECURITY & LEO MANAGEMENT d/b/a SOUTHERN PROTECTION AGENCY and JOHN BROWN <br><br><br> Defendants. | Civil Action No.: <br><br> **Jury Trial Demanded** |

## COMPLAINT

COMES NOW Plaintiffs, Miesha Griffin and John Kelsey, by and through their undersigned counsel and file this lawsuit against Defendants Brown Security & LEO Management doing business as Southern Protection Agency and John Brown on behalf of themselves and similarly situated employees, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended, for minimum wage and overtime violations.

### I.  JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1332, 1337, 1338, 1343(a) (4) 1367.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as both Defendants are domestic corporations who conduct business in this District and as a substantial part of the events or omissions giving rise to the claims that occurred in this District.

3. Plaintiffs assert state based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under the laws of the State of Georgia. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2003-5(g).

## II.  STATEMENT OF CLAIMS

4. The instant lawsuit is for relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended.

## III.  PARTIES

5. Plaintiff Miesha Griffin (hereinafter "Plaintiff" or "Ms. Griffin") is a resident of Fulton County, Georgia (within this District).

6. Plaintiff John Kelsey (hereinafter "Plaintiff" or "Mr. Kelsey") is a resident of Carroll County, Georgia (within this District).

7. Ms. Griffin and Mr. Kelsey (hereinafter "Plaintiffs") were jointly employed by Defendants, Brown Security & LEO Management doing business as Southern Protection Agency and John Brown (hereinafter "Defendants").

8. Plaintiffs are covered by §§ 203, 206 and 207 of the FLSA for the period in which they were employed by Defendants.

9. Defendant Brown Security & LEO Management doing business as Southern Protection Agency is a domestic corporation with its principal place of business located at 912 W. HIghway 78 Suite 200 Villa-Rica, Carroll County, Georgia 30180 (within this District).

10. Defendant John Brown is a natural person who exercises complete control over all operations and procedures at the establishment known as Brown Security and LEO Management. John Brown is the owner and CEO of Brown Security and LEO Management.  He is currently listed at the Georgia Secretary of State's office as the Registered Agent of Brown Security and LEO Management, with a physical address at 912 W. HIghway 78 Suite 200 Villa-Rica, GA 30180.

11. Defendants conduct business within this State and District, and at all times relevant to this lawsuit, managed employees such as Plaintiffs.  As such, Defendants are subject to the jurisdiction of this Court.  Defendants may be served process to Registered Agent John Brown,  at 912 W. Highway 78 Suite 200 Villa- Rica, GA. 30180.

12. Defendants are employers as defined by § 203(d) of the FLSA.  Defendants are subject to the provisions of the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Georgia.

13. Plaintiffs were, at all times relevant to this action,  "employees" of the Defendants, as defined at § 203(e)(1) of the FLSA, and are entitled to the protections provided thereunder.

14. Defendants were informed of their unlawful pay deduction practices and provided an opportunity to resolve the concerns described herein prior to the filing of this lawsuit.

## IV.  GENERAL ALLEGATIONS

### Ms. Miesha Griffin

15. Ms. Griffin was employed by Defendants as an "Area Manager" at their office in Villa Rica, Georgia.

16. Ms. Griffin earned an annual salary of $41,023 and was paid on a bi-weekly pay schedule.

17. Ms. Griffin's duties consisted of supervising approximately 70 security guards, hiring and terminating security guards and conducting on site visits where the security guards were stationed.

18. The onsite visits were for the purpose of confirming the security guards were wearing their company issued uniform and that the security guards were physically positioned in the correct places. As an Area Manager, Ms. Griffin was on call seven days per week and twenty four hours per day. Ms. Griffin averaged 60 hours per week throughout the course of her employment.

19. After submitting her letter of resignation on January 22, 2022, Defendants illegally deducted $911.81 from Ms. Griffin's January 15th paycheck to "recoup company expenses," a reason that is solely for the benefit of the company and lacked written consent from the employee, as required by 29 CFR § 3.5.

20. Without prior consent from Ms. Griffin, Defendants also deducted $407.66 from her final paycheck and provided no valid legal explanation for this deduction.

21. Ms. Griffin inquired with Mr. Chris Hargrove of Southern Protection Agency about the deductions taken from her wages. Mr. Hargrove responded indicating that Ms. Griffin's deductions would be discussed with Ms. Griffin's attorney.

22. Defendants' brazen disregard for an employer's obligation to obtain prior consent for such deductions is reflected in a text message from Chris Hargrove.  In response to Ms Griffin's inquiry about the reason for the deduction, Hargrove refused to address her concern and instead responded, "Miesha, Deductions will be addressed with your attorney."  This "sue me if you don't like it" attitude added insult to the financial injuries resulting from Defendant's conduct.

23. These unlawful deductions deliberate disregard for Defendant's legal obligation to pay salaried employees a set amount, without regard to the quantity or quality of their work.

24. Since there exists no legal circumstances, relating to Ms. Griffin, that would allow the deductions applied to Ms. Griffin's wages, she is entitled to her hourly rate of $21.36 and an overtime rate of $32.04 for the final two pay periods.

25. In total, Ms. Griffin is owed for 120 hours at her regular rate of pay totaling $2,563.20, plus 60 hours at her overtime rate totaling- $1,922.40 for a final total of $4,485.60.

26. After accounting for the $736.22 paid to Ms. Griffin for the final two pay periods, she is owed a remaining balance for unpaid regular and overtime wages of $3,749.38, plus liquidated damages of the same amount.

### Mr.  John Kelsey

27. Mr. John Kelsey experienced wage violations similar to that of Ms. Griffin.

28. Mr. Kelsey was employed with Defendants from February 2021 through January 2022 as Director of Security.   He earned an annual salary of $52,000.

29. Mr. Kelsey's duties were to oversee the Area Managers and Site Managers. He also occasionally filled in as a security guard, when needed.

30. After submitting his letter of resignation on January 26, 2022, Defendants made unlawful deductions totalling $2,285 over two (2) pay periods for the purpose of "recouping company expenses".

31. Since this constitutes an unlawful wage deduction, the employer's exemption is considered lost and Mr. Kelsey is considered an hourly non-exempt employee for the final two pay periods and is therefore entitled to minimum wage and overtime pay for all hours worked beyond 40 during that four week period.

32. Mr. Kelsey's hourly rate is $27.08 and his overtime rate is $40.62. During the last two pay periods, Mr. Kelsey worked a total of 216 hours. From the total, 144 hours should be compensated at his regular hourly rate, and 72 of those hours should be compensated at Mr. Kelsey's overtime rate of pay.

33. Mr. Kelsey is therefore owed $3,899.52 in regular wages and $2,924.64 in overtime wages over two pay periods. After deducting $1,295.06 for wages paid to Mr. Kelsey in the final two pay periods a total of $5,529.10 is still owed.

34. The unlawful deductions demonstrate that Southern Protection Agency did not intend to pay Ms. Griffin and Mr. Kelsey on a salary basis for the final two pay periods.

35. FLSA requires employers pay overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times the employee's appropriately calculated regular rate of pay.

36. Accordingly, both Ms. Griffin and Mr. Kelsey are unequivocally entitled to full payment for all hours worked at their hourly rate of pay for the affected pay periods, and neither qualify for any of the recognized exemptions from the protections of FLSA.

37. Defendants deliberately avoided paying Plaintiffs their full compensation earned by taking unlawful deductions from the wages of salaried employees for the purpose of "recouping company expenses." This practice is illegal under the Fair Labor Standards Act.

## V.   CAUSES OF ACTION

### COUNT ONE
### ILLEGAL WAGE DEDUCTIONS

38. Plaintiffs repeats, re-alleges and reiterates the foregoing allegations set forth in the prior paragraphs, as set forth herein and states:

39. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by making illegal deductions from the wages of salaried employees in accordance with FLSA. See *Watkins v. City of Montgomery, 775 F.3d 1280, 1283 (11th Cir. 2014)* (unlawful deductions from salaried employees destroys the exemption for the pay period affected by the unlawful deduction).

40. For the pay periods in question, Plaintiffs are considered hourly non-exempt employees under FLSA. See 29 CFR 541.602

41. Defendants were aware that they could not lawfully take deductions from Plaintiffs' salaried wages. See 29 CFR § 3.5

42. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' illegal deductions.

43. As a result of Defendants' violations of the FLSA, Plaintiffs suffered damages by failing to receive full wages in accordance with §§ 203, 206, and 207 of the FLSA.

44. As a result of the unlawful acts of Defendants, Plaintiffs were deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## COUNT TWO
## FAILURE TO PAY MINIMUM WAGE

45. Plaintiffs repeats, re-alleges and reiterates the foregoing allegations set forth in the prior paragraphs, as set forth herein and states:

46. Defendants made illegal wage deductions against a salaried employee resulting in Minimum Wage Violations according to FLSA.

47. The US. Department of Labor has clarified the compensation requirements for employee wage deductions in its DOL Opinion Letter FLSA 2020-12 (August 31, 2020), stating the following:

> . . . the cost of "other facilities" that are primarily for the benefit or convenience of the employer cannot be counted as wages. 29 C.F.R. § 531.3(d). Those costs include tools of the trade, required uniforms—or required use of a personal vehicle. **An employer violates the FLSA "in any workweek when the cost of such tools" (and the like) "cuts into the minimum or overtime wages required to be paid...." Id. § 531.35.** Therefore, an employer violates the FLSA if the employee's wages, minus expenses, end up below the federal minimum wage for a given non-overtime workweek. See id.; see also id. §§ 531.3(d), 531.36(b).

DOL Opinion Letter FLSA 2020-12 at p 2 (August 31, 2020)

48. Ms. Griffin's compensation of a mere $736.22 for the 180 hours she worked during her final two pay periods equates to approximately $4.00 per hour, which is less than the federally mandated minimum wage rate of $7.25.

49. Mr. Kelsey's compensation of a mere $1,295.06 for the 216 hours he worked during his final two pay periods equates to approximately $6.00 per hour, which is less than the federally mandated minimum wage rate of $7.25.

## COUNT THREE
## FAILURE TO PAY OVERTIME

50. Plaintiffs repeats, re-alleges and reiterates the foregoing allegations set forth in the prior paragraphs, as set forth herein and states:

51. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated FLSA overtime provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiffs in accordance with §§ 203, and 207 of the FLSA.

52. Plaintiffs were not exempt employees under FLSA during the relevant time period.

53. Defendants deliberately avoided paying Plaintiffs their full compensation earned by refusing to pay the appropriate overtime rate for all hours worked in excess of forty (40) hours per week.

54. Defendants were aware they could not lawfully deny Plaintiffs their appropriately calculated overtime wages.

55. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' overtime compensation.

56. As a result of Defendants' violations of the FLSA, Plaintiffs suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

57. As a result of the unlawful acts of Defendants, Plaintiffs were deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## COUNT FOUR
## BREACH OF CONTRACT

58. Plaintiffs incorporates all allegations contained in the foregoing paragraphs, as set forth herein and states:

59. Defendants entered into valid and enforceable contracts to pay the Plaintiffs for all hours worked.

60. Plaintiffs were to be paid the specified rate identified on their pay records for each hour worked.

61. Plaintiffs performed work on behalf of Defendants as agreed, but Defendants failed to pay the wages it was required to pay as a result of the policies identified above.

62. Defendants had both actual and constructive knowledge that Plaintiffs performed work without full payment of his overtime.

63. The Plaintiffs performed the work at Defendants' direction and for Defendants' benefit.

64. Consequently, Defendants are liable to the Plaintiff.

## COUNT FIVE

## QUANTUM MERUIT

65. Plaintiffs reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

66. Valuable services were rendered to Defendants by Plaintiffs and similarly situated employees. The services were accepted, used and enjoyed by Defendant.

67. A reasonable person would have expected to compensate Plaintiffs for such use and enjoyment.

68. Plaintiffs had a reasonable expectation of receiving compensation for the services which were rendered.

## COUNT SIX
## UNJUST ENRICHMENT

69. Plaintiffs reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

70. Defendants have been unjustly enriched at the expense of Plaintiffs by failing to pay for work performed by Plaintiff.

71. Defendants knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff, despite its policy and practice of failing to pay Plaintiffs for such work.  In particular, Defendants received the benefit of the labor and services provided by Plaintiff.

72. Such conduct demonstrates bad faith and undue advantage on the part of Defendants.

73. It would be unjust and inequitable for Defendants to retain the benefit of the unpaid work performed by Plaintiff.

## PRAYER FOR RELIEF

74. Wherefore, Plaintiffs prays that process is issued according to law and demands judgment against Defendants as follows:

    a.  All compensatory damages that may be awarded under FLSA, and Georgia law; plus interest;

    b.  Special damages;

    c.  Injunctive relief preventing and prohibiting Defendants from engaging in its present practices in violation of the laws cited herein;

    d.  Reasonable attorney's fees and expenses and costs pursuant to 42 U.S.C. §1988;

    e.  Unpaid regular and overtime compensation for work performed, an equal amount of liquidated damages including, reasonable attorneys' fees, litigation costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

    f.  Such other and further and different relief as this court deems just and appropriate.

Respectfully submitted this 14th day of April 2022

/S/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**